# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **D.S.,** *et al.*, | : | Case No. 1:08CV1781 |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **SUSAN TAVE ZELMAN,** *et al.*, | : | <u>ORDER</u> |
| | : | |
| | : | |
| **Defendants.** | : | |

Once again before the Court is *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction* (Doc. 2) ("Plaintiffs' Motion"), in which Plaintiff D.S., a minor, and his parents request an order to temporarily and preliminarily enjoin Defendants[1] from enforcing any order or decision which, by design or effect, results in D.S. being deprived of his rights to due process under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq.* ("IDEA"), and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Specifically, Plaintiffs request preliminary injunctive relief that the Court order Defendant McMullen to sign the stipulated consent judgment contemplated by Plaintiffs and Defendant VSH in D.S.'s underlying due process hearing. Previously, in an Order

---

[1] Plaintiffs' Complaint names the following Defendants: (1) Susan Tave Zelman, the Superintendent of Public Instruction and Director of the Ohio Department of Education; (2) the Ohio Department of Education ("ODE"); (3) Virtual Schoolhouse ("VSH"), the charter school D.S. attends; (4) the Lucas County Educational Service Center ("LCESC"), which is VSH's sponsoring organization; and (5) Irene McMullen, the hearing officer who heard D.S.'s administrative complaint.

dated July 25, 2008, the Court entered a *limited* temporary restraining order ("TRO") that stayed all proceedings in D.S.'s underlying due process hearing and ordered that all Defendants, except for Defendant VSH, respond to the Plaintiffs' Motion (Doc. 4). Then, on August 1, 2008, the Court entered a subsequent Order that: (1) amended the stay; (2) ordered that Plaintiffs file a reply to Defendants' responses; and (3) extended the time period of the TRO for an additional ten days, or until August 14, 2008, pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure (Doc. 9).[2] For the reasons articulated briefly below,[3] the Court now orders that: (1) the TRO shall expire on its own terms on August 14, 2008[4] and shall not be converted into a preliminary injunction; and (2) Plaintiffs shall have thirty days from the date of this Order to respond to the motions to dismiss filed by Defendant Zelman, Defendant ODE, and Defendant McMullen pursuant to Local Rule 7.1 (*see* Docs. 8, 12).

## I. THE TRO SHALL EXPIRE ON ITS OWN TERMS AND NOT BE CONVERTED INTO A PRELIMINARY INJUNCTION

Upon consideration of the parties' filings and the relevant case law, the Court finds that the TRO shall expire on its own terms and not be converted into a preliminary injunction, primarily because the threat of irreparable harm to Plaintiffs absent the injunctive relief is too

---

[2] This Order should be read in conjunction with both of the Court's previous Orders (Docs. 4, 9).

[3] Given the expedited nature of the matter, the Court believes that a detailed opinion would not advance the interests of the parties, particularly because school starts in early September 2008, and the Plaintiffs have indicated that the Cleveland Clinic needs lead time to hire appropriate staff and to create a program for D.S. (see Doc. 2-2 at p. 15).

[4] For clarification purposes, the Court notes that the TRO shall not expire until after the close of business on August 14, 2008.

2

speculative.[5] *See Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) ("To demonstrate irreparable harm, the plaintiffs must show . . . they will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated."); *Reuters, Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) ("Irreparable harm must be shown by the moving party to be imminent, not remote or speculative."). Even though it appears true that Plaintiffs may not have the full level of protection that the contemplated stipulated consent judgment provides, they are not at risk to the extent and immediacy that Plaintiffs have suggested in their motion once the Plaintiffs and Defendant VSH execute the proposed settlement agreement.

First, Plaintiffs have submitted no evidence that Defendant VSH is in any danger, let alone imminent danger, of closing and thus would potentially leave Plaintiffs without any effective remedy to enforce the proposed settlement agreement. To the contrary, Defendant VSH has vigorously represented to the Court, both in chambers and a separate court filing (Doc. 11), that there is no basis in fact for the Plaintiff's allegations that the school is "on precarious footing, both academically and financially" and that the school was actively enrolling students for the fall 2008 school year. Further, Defendant VSH states that Ohio charter schools in

---

[5] While the Sixth Circuit has stated that a district court should consider and balance four factors when ruling on a motion for a TRO or preliminary injunction (1. whether the movant has a strong or substantial likelihood of success on the merits; 2. whether the movant will suffer irreparable harm without the relief requested; 3. whether granting the relief requested will cause substantial harm to others; and 4. whether the public interest will be served by granting the relief requested) and that no one factor is a prerequisite that must be satisfied, the Sixth Circuit has recognized that a district court does not have to provide specific findings for each factor when the findings pertaining to some factors are dispositive. *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 399, 400-01 (6th Cir. 1997) ("A district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue.").

general, and VSH in particular, are prohibited from closing at a mere moment's notice; rather, Ohio law sets forth statutory requirements for a sponsor to follow in the event it suspends the operations of a school or terminates its contract with a community school. *See, e.g.*, Ohio Rev. Code Ann. §§ 3314.07; 3314.072; 3314.073. Accordingly, because there is no evidence to suggest that Defendant VSH is in imminent danger of closing and therefore would not be able to perform its obligations under the proposed settlement agreement, any threat of irreparable harm to Plaintiffs resulting from the school's closing would be wholly speculative.

Second, as pointed out by Defendant Zelman and Defendant ODE, even if VSH were to close before the terms of the proposed settlement agreement expired, the intersection of federal and Ohio law provides sufficient protection that the terms of the agreement would still be fulfilled, *i.e.*, D.S. would still have the opportunity to attend the Cleveland Clinic Center for Autism (the "Clinic"). Specifically, Ohio law provides that students of closed community schools have the absolute right to transfer to the school districts where they reside, Ohio Rev. Code Ann. § 3314.07(C), and the IDEA requires transferee school districts to provide the special education services the students were receiving before a transfer until a new arrangement is made, 20 U.S.C. § 1414(d)(2)(C)(i)(I) and 34 C.F.R. § 300.323(e). Moreover, the "stay put" provisions of federal and Ohio law require that the child's existing arrangements, *i.e.*, the terms of the proposed settlement agreement, continue until the resolution of any disputes regarding the new arrangements. 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a); Ohio Admin. Code § 3301-51-08(J)(1). While Plaintiffs argue that these laws do not provide protection for D.S., because Plaintiffs would be required to file another due process complaint to effectuate the "stay put" provisions, and/or the Cleveland Public School District may not fulfill its legal obligations, the Court disagrees. As suggested above, even though the provisions may not provide the full level

of protection Plaintiffs request, the federal and state laws do provide adequate protection, *i.e.*, federal and Ohio law assure that the terms of the proposed settlement agreement would remain in effect unless and until appropriate alternative arrangements were made which are consistent with D.S.'s rights under the IDEA and the Due Process Clause. Accordingly, even if VSH were to close, a likelihood which at this point appears entirely speculative, the Court still concludes that the threat of irreparable harm to Plaintiffs absent a preliminary injunction is too remote and unsubstantiated to justify the extraordinary relief Plaintiffs seek.

In sum, while the Court is still unclear as to why Defendant McMullen, using her own discretion, will not enter the stipulated consent judgment contemplated by Plaintiffs and Defendant VSH, the Court determines that the threat of irreparable harm to Plaintiffs without the requested relief is much too speculative to order the "extraordinary and drastic remedy" of entering a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Therefore, the Court concludes that, on balance, Plaintiffs' failure to satisfy this factor alone is dispositive and that the TRO shall not be converted into a preliminary injunction, but instead shall dissolve on its own terms on August 14, 2008. *See Six Clinics Holding Corp.*, 119 F.3d at 399, 400-01.

## II. PLAINTIFFS HAVE THIRTY DAYS TO OPPOSE THE MOTIONS TO DISMISS

Defendant McMullen, Defendant Zelman, and Defendant ODE have filed motions to dismiss (Docs. 8, 12). Pursuant to Local Rule 7.1, Plaintiffs have thirty days from the date of this Order to oppose the two motions.

**IT IS SO ORDERED.**

             **s/Kathleen M. O'Malley**
             **KATHLEEN McDONALD O'MALLEY**
             **UNITED STATES DISTRICT JUDGE**

**Dated: August 13, 2008**